IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

|  |  |
|---|---|
| RICHARD BELANGER, | |
| Plaintiff, | EDPA File No. 2:09-CV-91505 |
| v. | |
| | USDC, DISTRICT OF CONN. |
| GENERAL ELECTRIC COMPANY ET AL., | Civil Action No. 3:09-CV-00217-WWE |
| Defendants. | |
| | JANUARY 25, 2010 |

**DEFENDANT AIR & LIQUID SYSTEMS CORPORATION,
AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S
ANSWER, AFFIRMATIVE DEFENSES,
CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS,
ANSWER TO ALL CROSS-CLAIMS, AND JURY DEMAND**

## ANSWER

1-4a.   Air & Liquid Systems Corporation, as Successor by Merger to Buffalo Pumps, Inc.[1] (Buffalo Pumps) is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 1 through 4a of the Complaint and therefore leaves the plaintiff to his proof at trial.

4b.   Buffalo Pumps admits the allegation of Paragraph 4b of the Complaint.

5.   Buffalo Pumps denies the allegations in Paragraph 5 of the Complaint to the extent the allegations relate to Buffalo Pumps. Buffalo Pumps is without information or

---

[1] Buffalo Pumps, Inc. merged into Air & Liquid Systems Corporation on December 31, 2009. The prior operations of Buffalo Pumps, Inc. now are conducted by the Buffalo Pumps Division of Air & Liquid Systems Corporation.

knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and leaves the plaintiff to his proof at trial.

### FIRST COUNT

6-18.    Buffalo Pumps denies the allegations in Paragraphs 6 through 18, of the First Count of the Complaint to the extent the allegations relate to Buffalo Pumps.  Buffalo Pumps is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and leaves the plaintiff to his proof at trial.

### SECOND COUNT

19.    Buffalo Pumps repeats and realleges every response to the allegations of Paragraphs 1 through 18 as if fully set forth herein.

20-22.  Buffalo Pumps denies the allegations in Paragraphs 20 through 22, of the Second Count of the Complaint to the extent the allegations relate to Buffalo Pumps.  Buffalo Pumps is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and leaves the plaintiff to his proof at trial.

### GENERAL DENIAL

Buffalo Pumps denies each and every allegation of the Complaint that is not expressly admitted therein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant states that this action is barred by the applicable statutes of limitations and repose.

## SECOND DEFENSE

This defendant states that if the plaintiff suffered damages as alleged in the amended Complaint, such damages were caused by someone for whose conduct this defendant was and is not legally responsible.

## THIRD DEFENSE

This defendant states that the negligence of the plaintiff caused or contributed to the injuries or damages alleged and such negligence should bar, or at least reduce, the plaintiff's recovery.

## FOURTH DEFENSE

This defendant states that the plaintiff failed to give proper notice as required by law and this defendant was prejudiced thereby.

## FIFTH DEFENSE

This defendant states that at the time of the alleged incident, the plaintiff was guilty of a violation of law that contributed to the alleged incident.

## SIXTH DEFENSE

This defendant states that this Court lacks subject matter jurisdiction over the causes of action alleged in plaintiff's Complaint pursuant to applicable statutes.

## SEVENTH DEFENSE

This defendant denies that the doctrine of strict liability in tort applies to this case.

## EIGHTH DEFENSE

This defendant states that the plaintiff willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

## NINTH DEFENSE

This defendant states that the plaintiff's claims against this defendant are barred because the damages or losses experienced, if any, were not due to any act or failure to act of this defendant, but were caused solely by the acts of a third party or parties for whose acts or failures to act this defendant is not responsible.

## TENTH DEFENSE

This defendant states that it gave no warranties, express or implied, to the plaintiff or to anyone acting on its behalf.

## ELEVENTH DEFENSE

This defendant states that the plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of the Uniform Commercial Code.

## TWELFTH DEFENSE

This defendant states that if any of this defendant's agents or servants made any express warranties (allegations that the defendant specifically denies), then the agent or servants of this defendant did so without warranty, express or implied.

## THIRTEENTH DEFENSE

This defendant states that if this defendant, its agents, or servants made any warranties, express or implied (allegations that this defendant specifically denies), then this defendant denies that it breached any warranty.

## FOURTEENTH DEFENSE

This defendant states that if this defendant, its agents, or servants made any warranties, express or implied (allegations that this defendant specifically denies), then the plaintiff did not

rely on the express warranties, and further, there was no such reliance by any person or entity authorized to represent the plaintiff.

**FIFTEENTH DEFENSE**

This defendant states that the plaintiff failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

**SIXTEENTH DEFENSE**

This defendant states that the plaintiff's employer or employers were negligent with respect to the matters set forth in the Complaint, and that such negligence caused in whole or in part whatever disease, injury or disability, if any, the plaintiff may have sustained, as set forth in the amended Complaint and that plaintiff received worker's compensation benefits from his employer or employers.

**SEVENTEENTH DEFENSE**

Therefore, even if plaintiff is entitled to recover against this defendant, which this defendant specifically denies, he is not entitled to recover in the amount set forth in the Complaint because this defendant is entitled to set off any and all worker's compensation payments against any judgment that might be rendered in the plaintiff's favor.

**EIGHTEENTH DEFENSE**

This defendant states that the plaintiff's claims are barred by estoppel or waiver.

**NINETEENTH DEFENSE**

This defendant denies that any product installed by this defendant caused injury to the plaintiff.

**TWENTIETH DEFENSE**

This defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any asbestos product or material referred to in the plaintiff's amended Complaint, but if there was any defect or negligence as alleged, then this defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

**TWENTY-FIRST DEFENSE**

This defendant states that at all times and places mentioned in the Complaint, the plaintiff and/or other persons, without this defendant's knowledge and approval, redesigned, modified, altered, and used this defendant's products contrary to instructions and contrary to the custom and practice of the industry.  This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which this defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment or change and not from any act or omission by this defendant.  Therefore, said defect, if any, was created by the plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that the plaintiff allegedly suffered.

**TWENTY-SECOND DEFENSE**

This defendant states that at all times and places mentioned in the Complaint, the plaintiff and/or other persons used this defendant's products, if indeed any were used, in an unreasonable manner, not foreseeable to this defendant, and for a purpose for which the products were not intended, manufactured, or designed; plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiff's recovery herein, if any, is barred or

must be diminished in proportion to the fault attributable to the plaintiff and/or such parties and persons.

### TWENTY-THIRD DEFENSE

This defendant states that if it supplied any asbestos product, either directly or indirectly, to the plaintiff's employer, the product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, and/or other persons and/or entities.

### TWENTY-FOURTH DEFENSE

This defendant states that any asbestos-containing products manufactured and sold by this defendant which gave rise to plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of this defendant, and by reason thereof, this defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### TWENTY-FIFTH DEFENSE

This defendant states that at all relevant times hereto, the state of medical and scientific knowledge, and the state of the art or the design and manufacture of asbestos-containing products, was such that this defendant neither knew nor should have known that its products presented a significant risk of harm to the plaintiff.

### TWENTY-SIXTH DEFENSE

This defendant states that the plaintiff failed to mitigate damages and is, therefore, barred from recovery.

**TWENTY-SEVENTH DEFENSE**

This defendant states that if the plaintiff was a user of tobacco products, such use contributed to any lung disease from which the plaintiff allegedly suffers.  Further, the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards the plaintiff knew or should have known may have adversely affected his health.

**TWENTY-EIGHTH DEFENSE**

This defendant states that the alleged injury or damage sustained as a result of the occupation of the plaintiff was an occupational disease and accordingly this defendant is not liable or responsible for any occupational disease which was suffered or sustained by the plaintiff in the course of his employment over a number of years.

**TWENTY-NINTH DEFENSE**

This defendant states that the utility of the products manufactured by this defendant outweighed the danger allegedly involved, and, therefore, the plaintiff's claims are barred as a matter of public policy.

**THIRTIETH DEFENSE**

This defendant states that to the extent the plaintiff is unable to identify the manufacturer, seller, or supplier of the products that allegedly caused him injury, he fails to state a cause of action upon which relief can be granted, since, if the relief were granted, it would contravene this defendant's constitutional rights to substantive and procedural due process as preserved by the Fourteenth Amendment to the United States Constitution and by the applicable provisions of the Connecticut State Constitution and would contravene this defendant's constitutional rights to

protection against the taking of property for public use without just compensation as preserved by the aforesaid constitutional provisions.

### THIRTY-FIRST DEFENSE

This defendant states that the Complaint fails to state a claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

### THIRTY-SECOND DEFENSE

This defendant states that an award of punitive damages against any of the defendants in this case would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and the applicable provisions of the Connecticut State Constitution.

### THIRTY-THIRD DEFENSE

This defendant states that there was no negligence, gross negligence, willful, wanton, or malicious conduct, reckless indifference or reckless disregard of the rights of the plaintiff, or malice (actual, legal, or otherwise) on the part of this defendant as to the plaintiff herein.

### THIRTY-FOURTH DEFENSE

This defendant states that any exposure of the plaintiff to this defendant's product or products, which this defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused the plaintiff's claimed injuries or illness.

### THIRTY-FIFTH DEFENSE

This defendant states that the plaintiff is guilty of laches in bringing this action and is, therefore, barred from recovery.

### THIRTY-SIXTH DEFENSE

With respect to the plaintiff's claims for alleged breaches of warranties, this defendant states that the plaintiff's claims are barred by reason of lack of privity, pursuant to General Statutes Section 42a-2-318.

### THIRTY-SEVENTH DEFENSE

This defendant states that the Complaint fails to state a claim upon which relief can be granted. Therefore, this defendant moves, pursuant to the Connecticut Rules of Civil Procedure, that this Court order the plaintiff's Complaint to be dismissed, with prejudice, and further that this Court order the plaintiff pay this defendant's costs and reasonable attorneys' fees.

### THIRTY-EIGHTH DEFENSE

This defendant states that if the plaintiff has settled with and/or released other defendants or entities who are tortfeasors, this defendant is entitled to a reduction of any judgment either in total of all the settlement amounts or the pro rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

### THIRTY-NINTH DEFENSE

This defendant states that if there were express or implied warranties as alleged in the amended Complaint (allegations which this defendant specifically denies), the plaintiff was not within the scope of any such alleged warranties because the plaintiff was not a purchaser, and no sale to the plaintiff ever occurred of any product sold or distributed by this defendant.

### FORTIETH DEFENSE

This defendant states that the plaintiff was not a third-party beneficiary with reference to any alleged warranties, either express or implied, and, therefore, the plaintiff cannot recover in this action.

**FORTY-FIRST DEFENSE**

This defendant states that the plaintiff's employer(s), by their agents, servants, and employees, at all times relevant hereto, possessed a high degree of knowledge and sophistication in relation to this defendant, had superior means and ability to appreciate any alleged hazard regarding the use of asbestos-containing materials, had means and ability, superior to that of this defendant, to warn the plaintiff, and failed to warn the plaintiff of the alleged hazard.

**FORTY-SECOND DEFENSE**

This defendant states that the plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised the claims herein, and, accordingly, said claims are barred by operation of law.

**FORTY-THIRD DEFENSE**

This defendant states that the plaintiff has failed to join a party or parties necessary for the just adjudication of this matter and has omitted to state any reason for this failure.

**FORTY-FOURTH DEFENSE**

This defendant states that it did not manufacture or sell the asbestos-containing products to which the plaintiff alleges exposure.

**FORTY-FIFTH DEFENSE**

This defendant states that it has not, either by act or omission, violated the provisions of Connecticut General Statutes §§ 52-240a, 52-240b, and 52-572m, et seq.  This defendant therefore moves, pursuant to the Connecticut Rules of Civil Procedure, that this Court order the plaintiff's amended Complaint be dismissed, with prejudice, and further that this Court order the plaintiff pay this defendant's costs and reasonable attorneys' fees.

## FORTY-SIXTH DEFENSE

This defendant states that it is not a successor in interest to the alleged company who manufactured asbestos products to which the plaintiff alleges exposure.

## FORTY-SEVENTH DEFENSE

This defendant states that due to the generality of the allegations in the Complaint, this defendant reserves the right to amend its Answer, Affirmative Defenses, Cross-claims against Co-Defendants, and Answer to All Cross Claims if investigation, discovery, and further information should warrant such amendment, and further, to assert any applicable matters of law while this action is pending.

## CROSS-CLAIM OF DEFENDANT/CROSS-CLAIM PLAINTIFF BUFFALO PUMPS, INC., AGAINST ALL CO-DEFENDANTS

1.      Plaintiff in this action has filed a Complaint against the defendant/cross-claim plaintiff alleging that the plaintiff has sustained certain asbestos-related diseases and other injuries, and all said allegations have been denied by the defendant/cross-claim plaintiff.

2.      Although the defendant/cross-claim plaintiff denies all the claims set forth in the plaintiff's Complaint, in the event that the defendant/cross-claim plaintiff is found liable to the plaintiff, then all other cross-claim defendants are liable for equitable contribution and/or statutory contribution pursuant to C.G.S. § 52-572o, and/or allocation of fault.

3.      Only in the event the defendant/cross-claim plaintiff is found liable to the plaintiff, for purposes of this cross-claim, all allegations set forth in the plaintiff's Complaint or related third-party Complaints against said defendants are adopted and incorporated as set forth fully herein.

4. Only in the event that this defendant/cross-claim plaintiff is found liable to plaintiff, in whole or in part, then the cross-claim defendants are liable to this defendant/cross-claim plaintiff for all or part of plaintiff's claimed damages.

WHEREFORE, defendant/cross-claim plaintiff Buffalo Pumps claims:

a. Contribution for plaintiff's alleged damages pursuant to C.G.S. § 52-572o;

b. Equitable contribution from the cross-claim defendants for their share of any judgment rendered in favor of plaintiff.

c. An allocation of responsibility among defendants; and

d. Such other relief as the Court may deem just and proper.

## ANSWER TO ANY AND ALL CROSS-CLAIMS AGAINST DEFENDANT/CROSS-CLAIM DEFENDANT BUFFALO PUMPS, INC.

Buffalo Pumps denies each and every allegation of each and every cross-claim that was or hereinafter may be filed against Buffalo Pumps by any co-defendants or third-party defendants.

## JURY DEMAND

This defendant hereby demands a trial by jury on all issues.

          Respectfully submitted,
          Defendant/Cross-claim Plaintiff,
          Air & Liquid Systems Corporation, as
          Successor by Merger to Buffalo Pumps,
          Inc.,

By:   /s/ *MDS 7745*
       Michael D. Simons
       Bryna Rosen Misiura, Esq.
       BRM 3561
       GOVERNO LAW FIRM LLC
       260 Franklin Street, 15th Floor
       Boston, MA  02110
       (Ph) 617-737-9045
       (Fax) 617-737-9046
       msimons@governo.com

## CERTIFICATION

This is to certify that on this 25th day of January, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to everyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/ *MDS 7745*
          Michael D. Simons